O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ADNAN BAWANEH<br><br>Defendant/Petitioner. | Case No. CV 10-7805 CAS<br>CR 04-1134 CAS<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

## I. INTRODUCTION AND BACKGROUND

On May 8, 2006, petitioner Adnan Bawaneh, a legal permanent resident of the United States, plead guilty to (1) conspiracy in violation of 18 U.S.C. § 371 and (2) trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342(a). United States v. Adnan Bawaneh, CR No. 04-1134 CAS. These offenses relate to petitioner's evasion of the California cigarette tax by selling cigarettes bearing no or counterfeit tax stamps. On December 10, 2007, the Court sentenced petitioner to three years of probation and ordered him to pay restitution.

Based on petitioner's 2007 conviction, the Department of Homeland Security instituted deportation proceedings against him. In order to avoid deportation, on October 10, 2010, petitioner filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion alleges that (1) petitioner's counsel rendered ineffective assistance and (2) the Judgment order contains an error in the record as to which code sections petitioner was convicted of violating. On July 19, 2011, the government filed its opposition. After carefully considering parties' arguments, the Court finds as follows.

## II.   LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must

"surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

### III. DISCUSSION

Petitioner argues his counsel's performance was deficient because counsel failed to advise him of the actual adverse consequences of his guilty plea. Mot. at 4. Petitioner's argument relies on Padilla v. Kentucky, 130 S.Ct. 1473 (2010), in which the Supreme Court held that a lawful permanent resident facing deportation satisfied the "first prong of the Strickland test" by showing that his counsel did not advise the him that a guilty plea carried the risk of deportation. Padilla, 130 S.Ct. at 1483. (remanding the action to the Supreme Court of Kentucky for a determination of whether the defendant-resident was prejudiced and, thus, satisfied the second prong of the Strickland test). In support of this argument, petitioner alleges that, in response to his stated concerns about deportation, his counsel gave him incorrect advise that "if he was deportable, he had a strong argument for cancellation of deportation" despite the

"certain[ty] that [he] would suffer removal" as a consequence of the convictions. Mot. at 9.

Petitioner further argues that his defense counsel should have advised him of the deportation risk because the relevant immigration law is clear on this point. Mot. at 5. In <u>Padilla</u>, the Court emphasized that the relevant deportation statute was "succinct, clear, and explicit" regarding the consequences of defendant-resident's guilty plea. <u>Padilla</u>, 130 S.Ct. at 1483. (citing the language of 8 U.S.C. § 1227(a)(2)(B)(I)). Petitioner asserts that the deportation statutes relevant to the instant case are equally succinct, clear, and explicit. Mot. at 6. (citing 8 U.S.C. §§ 1227(a)(2)(a)(iii), 1229b(a)(3), 1182(a)(2)(A)(i)(I)).

Petitioner finally argues that he has been prejudiced under <u>Stickland</u>'s second prong because, but-for his counsel's incorrect immigration-law advice, he would have rejected the 2006 plea agreement. Mot. at 10. Petitioner argues that remaining in the United States was more important to him than avoiding a jail sentence. <u>Id.</u> at 11; Bawaneh Decl. ¶ 4. Petitioner contends this is evidenced by a letter he sent to his attorney, in which he inquires about immigration issues. <u>Id.</u>, Exh. A.

In opposition, the government argues that petitioner had knowledge that his guilty plea could lead to deportation. Opp. at 4. The government points to this Court's warning to the petitioner that "it is at least conceivable that your immigration status may be threatened by your guilty plea . . ." <u>Id.</u> at 5; Tr. 5/8/06 at 14.

The Court finds petitioner's argument that he was prejudiced by counsel's alleged ineffective assistance unavailing. Even if counsel failed to adequately inform petitioner that a guilty plea might lead to deportation, the record clearly shows that petitioner had actual knowledge of this risk. Notably, the Court clearly admonished the petitioner of the risk to his immigration status. Tr. 5/8/06 at 14. Because petitioner had actual knowledge of the risk of deportation, the second prong of the <u>Strickland</u> test is not met and, thus, petitioner's ineffective assistance of counsel claim must fail. <u>Hill</u>, 474 U.S. at 60.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's motion for a reduction of sentence pursuant to 28 U.S.C. § 2255. The Court GRANTS petitioner's request that the typographical error in the underlying judgment be corrected. The Court HEREBY directs that on page one of petitioner's judgment, within the following language: "Trafficking in contraband cigarettes in violation of 18 USC § 371, as charged in Count 2 of the Indictment," the referenced statute "18 USC § 371" shall be replaced with "18 USC § 2342." Dkt. No. 101.

IT IS SO ORDERED.

Dated: December 13, 2011

*Christina A. Snyder*

Christina A. Snyder
United States District Judge